CUDAHY PACKING COMPANY ET AL. v. R. A. DORSEY.

Decided June 12, 1901.

**1.—Abatement—Order of Pleading.**

Pleas in abatement for misjoinder of parties and of causes of action are waived unless presented in due order.

**2.—Sale—Shipper and Consignee—Draft With Bill of Lading.**

Where a seller shipped goods to the buyer, over several lines of railway, attaching bill of lading to draft for the price, it was error, in a suit by the purchaser against the last carrier and the shipper for the value of the goods, which were delivered spoiled, to instruct a verdict for the carrier and against the shipper if they were spoiled before reaching the hands of such last carrier.

**3.—Same.**

On shipment of goods between buyer and seller with draft for price attached

to bill of lading and to be paid before delivery, the goods remain the property of the shipper during transit, and an action for damages to them should be by him and not by the consignee.

Appeal from the County Court of Hamilton. Tried before S. J. Allen, Esq., Special Judge.

*J. Van Steenwyk,* for Cudahy Packing Company, appellant.

*Eidson & Eidson* and *L. W. Campbell,* for Texas Central Railroad Company, appellant.

*Dewey Langford,* for R. A. Dorsey, appellee.

KEY, ASSOCIATE JUSTICE.—R. A. Dorsey brought suit against the Texas Central Railroad Company to recover damages for injuries to a carload of meat delivered by the railroad company, as a common carrier, to the plaintiff. The railroad company impleaded the Cudahy Packing Company, the consignor who had shipped the meat from South Omaha, Neb., alleging that if the meat was damaged, as averred by the plaintiff, the packing company, and not the railroad, caused such damage, and praying for judgment over against said company in the event of the plaintiff's recovery against it.

The trial resulted in a verdict and judgment in favor of the plaintiff against the railroad company, and in favor of the railroad company for a like amount against the packing company. The latter has appealed, and assigns numerous errors. The railroad company has also appealed and assigns errors.

The questions sought to be presented in reference to misjoinder of parties and of causes of action, we regard as waived, because not presented in the due order of pleading. Grand Lodge A. O. U. W. v. Stumpf, 24 Texas Civ. App., 309.

We reverse the case because the court gave the following instruction, complained of in appellant's sixteenth assignment of error: "If you believe from the evidence that the meat, for the value of which plaintiff sues, was shipped by the Cudahy Packing Company to the plaintiff at Hico, and that the draft for the purchase price of said meat was attached to the bill of lading and that the said draft and bill of lading was sent to the bank at Hico, with instructions to said bank not to deliver said bill of lading until said draft was paid, and the plaintiff paid off said draft before he inspected said meat, and you further believe that said meat was either spoiled or damaged before its shipment by the Cudahy Packing Company, or the same became damaged or spoiled in transit before the defendant Texas Central Railroad Company received it, then the said Cudahy Packing Company would be liable for the value of said meat, and not the defendant, Texas Central Railroad Company, and if you so believe, you will find in favor of the Texas Central Rail-

road Company against the plaintiff, and in favor of the plaintiff against Cudahy Packing Company."

This instruction made appellant, the shipper, responsible if the property shipped was injured by the negligence of any other carrier than the Texas Central Railroad Company; which, of course, is not a sound proposition of law. The shipment passed over more than one railroad, and the evidence indicated some delay before it was received by the Texas Central Railroad. But for the injury that may have resulted from such delay, the charge referred to makes the packing company responsible. It is not sufficient answer to this to say that as the jury did not acquit the Texas Central Railroad Company and find directly for the plaintiff against the packing company, therefore the error in this charge is harmless. Although the verdict and judgment were for the plaintiff against the railroad company, yet that company is indemnified by judgment over against the packing company; and the result would be that the latter company, and not the railroad company, would pay for the damage done to the property.

While we do not hold that any of the charges requested by appellant should have been given in the form submitted, we think the court should have charged upon the question of the plaintiff's ownership of the meat at the time it was damaged. If the carrier had instructions not to deliver the property until it was paid for, then it did not belong to the plaintiff at the time of the alleged injury, and he could not maintain his action for damages thereto.

Except those which assail the verdict of the jury, and upon which we express no opinion, we overrule all the other assignments of errors, including those presented by the railroad company.

For the error indic    the judgment is reversed and the cause remanded.

*Reversed and remanded.*